# United States District Court
## for the Northern District of Oklahoma

Case No. 23-cr-318-JDR-2

UNITED STATES,

*Plaintiff*,

*versus*

BOBBE GENE TAYLOR,

*Defendant*.

## OPINION AND ORDER

Following a six-day trial, a jury convicted defendant Bobbe Gene Taylor of Hobbs Act Robbery (count two) and carrying a firearm during and in relation to the Hobbs Act Robbery, a violation of 18 U.S.C. § 924(c) (count three). Dkt. 291. Mr. Taylor asks the Court to vacate the jury's verdict as to count three only and grant him a new trial because the jury instructions and the government's closing argument "invited the jury to convict Mr. Taylor of conduct that does not meet the statutory requirements of 18 U.S.C. § 924(c)." Dkt. 312 at 1. The government objects to Mr. Taylor's request. Dkt. 320. For the reasons discussed below, Mr. Taylor's motion is denied.

The Court has discretion to vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a); *United States v. Jordan*, 806 F.3d 1244, 1252 (10th Cir. 2015). The interest of justice requires dismissal "if after weighing the evidence and the credibility of the witnesses, the court determines that 'the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred ....'" *United States v. Gabaldon*, 91 F.3d 91, 93-94 (10th Cir. 1996) (quoting *United States v. Evans*,

42 F.3d 586, 593 (10th Cir. 1994)). The Court must examine "the prejudicial impact of an error or errors when viewed in the context of an entire case." *Id.* at 94. Motions for new trial are "not regarded with favor," and the Court should grant new trials "with great caution." *United States v. Herrera*, 481 F.3d 1266, 1269-70 (10th Cir. 2007) (citing *United States v. Trujillo*, 136 F.3d 1388, 1394 (10th Cir. 1998)).

Mr. Taylor argues that a new trial is required because the jury could have convicted him of violating § 924(c) for simply "carrying a firearm from his car to the house before, and not during, a robbery." Dkt. 312 at 4. To support this argument, Mr. Taylor contends that the Court improperly instructed the jury on the definition of "during and in relation to" and that this error was compounded by the government's characterization of the evidence about that element during its closing argument. *Id.*

When a jury instruction is challenged, the Court must determine "whether the jury, considering the instructions as a whole, was misled." *United States v. Smith*, 13 F.3d 1421, 1424 (10th Cir. 1994) (citing *United States v. Mullins*, 4 F.3d 898, 900 (10th Cir. 1993)). A defendant is not entitled to a new trial where, "as a whole, the instructions correctly state the law and provide the jury with an 'intelligent, meaningful understanding of the applicable issues and standards.'" *United States v. Winchell*, 129 F.3d 1093, 1096 (10th Cir. 1997) (quoting *United States v. Laughlin*, 26 F.3d 1523, 1528 (10th Cir. 1994)). A new trial is only appropriate where the Court "has substantial doubt that the jury was fairly guided …." *Mullins*, 4 F.3d at 900 (citing *Messina v. Kroblin Transp. Sys., Inc.*, 903 F.2d 1306, 1309 (10th Cir. 1990)).

Mr. Taylor challenges the Court's use of the Tenth Circuit pattern instruction for a violation of § 924(c), which, he argues, invites the jury to convict a defendant of simply carrying a gun prior to the underlying crime of violence instead of during.[1] When reviewing his challenge, the Court looks at

---

[1] Mr. Taylor identifies two circuits with pattern instructions in line with his request. Dkt. 312 at 6-7. The Seventh Circuit Pattern Instructions give a separate definition for

No. 23-cr-318

the instructions as a whole, not in isolation. The Court instructed the jury that "[t]he phrase 'during and in relation to' means that the firearm played an integral part in the underlying crime, that it had a role in, facilitated (i.e., made easier), or had the potential of facilitating the underlying crime." Dkt. 290 at 28 (quoting Tenth Circuit Pattern Jury Instruction 2.45). This definition is consistent with Tenth Circuit precedent. *See, e.g., United States v. Iiland*, 254 F.3d 1264, 1274 (10th Cir. 2001) ("[O]ur cases make clear that the 'during and in relation to' requirement of section 924(c) necessitates some direct connection between the firearm and the [underlying] offense."). The jury was also instructed that:

> In determining whether the defendant knowingly carried a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

Dkt. 290 at 28 (quoting Tenth Circuit Pattern Jury Instruction 2.45). The instruction goes on to state:

> A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence. The government must prove a direct connection between the defendant's use or carrying of the firearm and the underlying crime but the crime need not be the sole reason the defendant used or carried the firearm.

*Id.* at 28-29. This instruction informed the jury that it should consider whether the firearm was observed before, during, or after the robbery and that the government had to prove beyond a reasonable doubt that the carrying of the firearm was somehow connected to the robbery.

---

"during" and "in relation to" for the § 924(c) instruction. Eleventh Circuit Pattern Instruction 35.2 does not define "during" but provides a separate definition for "in relation to."

No. 23-cr-318

The Court also instructed the jury on the requirements for a § 924(c) conviction based on aiding and abetting. Dkt. 290 at 31 (quoting Tenth Circuit Pattern Jury Instruction 2.45.2). The jury could have found Mr. Taylor guilty of count three as an aider and abettor if the government proved (1) that any of the other people present at the robbery possessed a firearm in furtherance of the robbery; (2) Mr. Taylor consciously shared the other person's knowledge of the robbery and intended to help him; and (3) Mr. Taylor knew in advance of the robbery that the other person would possess a firearm in furtherance of that crime. *Id.* There was ample evidence that could have permitted the jury to make these findings, including testimony at trial that Mr. Taylor had a gun inside the home during the robbery, and that several other individuals also had guns inside the home during the robbery.[2]

Finally, the jury was instructed that:

> Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crimes charged. The defendant must be a knowing participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in this case.

*Id.* at 34. The jury was, therefore, cautioned not to find Mr. Taylor guilty simply because he carried a gun before or during the robbery.

Mr. Taylor asks the Court to focus on an isolated term in a single jury instruction. But the Court is required to review the jury instructions as a whole. The Court finds that, read in their entirety, the jury instructions fairly guided the jury, and the jury was not likely misled by the court's decision to provide a single definition for "during and in relation to."

Mr. Taylor also argues that the government's closing argument contributed to an improper verdict by eliminating the "during" requirement and

---

[2] Dkt. 303 at 82:2-6, 128:9-20; Dkt. 304 at 104:19-23; Dkt. 305 at 109:15-18, 117:20-118:2.

telling the jury that Mr. Taylor could be convicted of the § 924(c) because he was seen on video carrying a gun down the street before the robbery. Dkt. 312 at 7-8. But prior to this statement, the government clarified that the "during and in relation to" requirement "is further defined and means that the firearm played an integral part of the underlying crime. So the firearm played an integral part to the underlying robbery, which means basically it made the crime easier to do." Dkt. 308 at 60:9-13. Counsel's argument was consistent with the Tenth Circuit's stance that "merely carrying the gun during the crime is not enough to meet the 'during and in relation to' element unless the government proves the defendant intended the weapon to be available for use during the crime." *Iiland*, 254 F.3d at 1274 (citing *United States v. Schuler*, 181 F.3d 1188, 1190 (10th Cir. 1999)).

The government made clear that Mr. Taylor could not be convicted of count three for merely carrying a gun down the street. Thus, there was no misrepresentation or mischaracterization of the law in the government's closing argument. And even if the government's statements were found to be improper, it did not affect the fundamental fairness of the trial because the jury was properly instructed on count three, and the Court presumes that the jury followed its instructions. *Samia v. United States*, 599 U.S. 635, 646 (2023).

The jury instructions, taken as a whole, correctly stated the law and did not mislead the jury. Further, the government's closing argument did not deprive Mr. Taylor of a fair trial. The interest of justice does not require a new trial. Mr. Taylor's motion to vacate his conviction on the § 924(c) charge and for a new trial is denied.

DATED this 26th day of November 2024.

_____
JOHN D. RUSSELL
*United States District Judge*