# United States District Court
## for the Northern District of Oklahoma

Case No. 23-cr-318-JDR-2

UNITED STATES,

*Plaintiff*,

versus

BOBBE GENE TAYLOR,

*Defendant*.

## OPINION AND ORDER

Following a six-day trial, a jury convicted defendant Bobbe Gene Taylor of Hobbs Act Robbery (count two) and carrying a firearm during and in relation to the Hobbs Act Robbery, a violation of 18 U.S.C. § 924(c) (count three).[1] Dkt. 291. The Court sentenced Mr. Taylor to sixty months and one day. Dkt. 374 at 2. He is expected to self-surrender to begin the sentence on March 19, 2025. *Id*. Mr. Taylor appealed his conviction and now moves to remain released on previously imposed conditions pending the resolution of his appeal [Dkt. 379], and the Government objects [Dkt. 381]. Mr. Taylor's motion is granted.

Under 18 U.S.C. § 3143(b)(2), a defendant who has been found guilty of a crime of violence, such as Hobbs Act Robbery, and has been sentenced "shall … be detained." But 18 U.S.C. § 3145(c) provides this Court with authority to release a defendant pending appeal of his conviction if he satisfies certain criteria. *See, e.g., United States v. Jones*, 979 F.2d 804, 806 (10th Cir.

---

[1] Mr. Taylor was acquitted as to count one. Dkt. 373.

No. 23-cr-318

1992). First, the Court must find by clear and convincing evidence that the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(b)(1)(A). Second, the Court must find "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence ...." *Id.* § 3143(b)(1)(B). If the defendant satisfies these requirements, the Court may release the defendant under appropriate conditions "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *Id.* § 3145(c).

The Court finds that the first requirement, set forth in 18 U.S.C. § 3143(b)(1)(A), is easily satisfied. Mr. Taylor was released pending both trial[2] and sentencing[3] and is currently released pending the start of his sentence.[4] He has complied with all conditions of his release since his arrest in October 2023, and he has never failed to appear for a required hearing. Dkt. 379 at 4. The Government now argues that he is a flight risk because "the finality of the Court's judgment at sentencing provides a powerful additional incentive for Taylor to flee ...." Dkt. 381 at 3. The Court disagrees because the Government's logic applies uniformly to all defendants and suggests that release is never appropriate, which is contrary to 18 U.S.C. § 3145(c). But the Government's logic makes even less sense in Mr. Taylor's case.

---

[2] Dkt. 27.

[3] Following the conclusion of the jury trial, the Court asked the Government for its position with respect to detention pending sentencing and the Government asked that Mr. Taylor be detained. Dkt. 308 at 117-18. After hearing argument from Mr. Taylor and comments by the Court, the Government withdrew its request for detention. *Id.* at 119. The Court also found extraordinary circumstances warranting Mr. Taylor's release pending sentencing "based upon the status of co-defendants who have pleaded guilty to what is essentially the same offense" and that "there has not been a single incident during his time on pretrial release ...." *Id.*

[4] Dkt. 372.

No. 23-cr-318

Prior to sentencing, Mr. Taylor faced a sentencing guideline range of fifty-one to sixty-three months' imprisonment for count two and a mandatory minimum sentence of sixty months' imprisonment for count three. Notwithstanding the impending penalty—which carried a combined guideline sentence of at least 111 months' imprisonment—Mr. Taylor continued to comply with his release conditions and voluntarily appeared for his sentencing hearing. There, the Court granted Mr. Taylor's motion for a downward variance on count two, bringing his total sentence to sixty months and one day. Dkt. 372. With the downward variance and his pending appeal [Dkt. 375], Mr. Taylor faces no more certainty of imprisonment than he did before. Arguably, he has less incentive to flee now than he did prior to sentencing because his pending appeal, if granted, could overturn his conviction. And the Government does not argue that Mr. Taylor, now or at any time while his charges were pending, poses a danger to the safety of any other person or the community. Based on Mr. Taylor's performance on pre-trial release, release pending sentencing, and the absence of any changes in his circumstances, the Court finds by clear and convincing evidence that Mr. Taylor is neither a flight risk nor a danger to the safety of any other person or the community while his appeal is pending.

The § 3143(b)(1)(B) requirements also weigh in favor of release pending appeal. First, Mr. Taylor has raised a substantial question of law. Mr. Taylor has appealed his conviction for Hobbs Act Robbery which criminalizes obstructing, delaying, or affecting interstate commerce by robbery, 18 U.S.C. § 1951. Dkt. 376. The third element of Hobbs Act Robbery, which "distinguishes violations of the Hobbs Act from common law robbery and provides the basis for federal jurisdiction"[5] requires that "as a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way or degree."

---

[5] *United States v. Wiseman*, 172 F.3d 1196, 1214 (10th Cir. 1999), *abrogated on other grounds by Rosemond v. United States*, 572 U.S. 65 (2014).

3

No. 23-cr-318

Tenth Circuit Pattern Jury Instruction 2.70. The phrase "obstructed, delayed, or affected interstate commerce" is further defined as "any action which, in any manner or to any degree, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in interstate commerce." *Id.*

On appeal, Mr. Taylor will argue that "the robbery of individuals, as opposed to of a business, requires that the government show more than a de minimis effect on interstate commerce." Dkt. 379 at 5. The Comment to Instruction 2.70 states that the Tenth Circuit "has made clear that only a de minimis effect on commerce is required, *United States v. Wiseman*, 172 F.3d 1196, 1214-15 (10th Cir. 1999), and has upheld a trial court's refusal to instruct that a substantial effect is required, *United States v. Battle*, 289 F.3d 661, 664 (10th Cir. 2002)." In both *Wiseman* and *Battle*, however, the defendants robbed stores, not individuals. Mr. Taylor directs the Court to five circuits that have held that the Government must show more than a de minimis effect on interstate commerce when the victim of the robbery is an individual rather than a business. Dkt. 379 at 5.

The Government argues that Mr. Taylor's appeal does not raise a substantial question because the Court has "previously considered and rejected Taylor's … arguments regarding the impact-on-interstate-commerce element of Hobbs Act robbery" and Mr. Taylor "fails to raise new authority that would warrant reversal of this Court's prior decision." Dkt. 381 at 3. But Mr. Taylor is not required to make a new argument or provide new authority regarding the issue. Instead, he must show that "[i]t is a close question or one that very well could be decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). The Tenth Circuit has declined to "define blanket categories for what will constitute 'substantial' questions" and the issue "must be determined on a case-by-case basis." *Id.* Although the Court disagreed with Mr. Taylor's argument at trial, reasonable judges could come to a

4

No. 23-cr-318

different conclusion on this novel issue, which implicates federal jurisdiction over robberies. The required effect on interstate commerce when the robbery victim is an individual rather than a business sufficient to confer federal jurisdiction is a substantial question of law.

If the Court of Appeals agrees with Mr. Taylor and finds that robbery of an individual requires more than a de minimis effect on interstate commerce, the result would be either a reversal or an order for a new trial as to both the Hobbs Act conviction and the § 924(c) conviction. The Government does not argue, and there is no suggestion, that Mr. Taylor's appeal is for purpose of delay. *Contra United States v. Jaata*, 18 CR. 162 (PGG), 2022 WL 1443945, at *6 (S.D.N.Y. May 5, 2022) (finding that the appeal was for purpose of delay because the defendant had delayed the "execution of sentence seven years or more" and was "not ignorant of the criminal justice system"). The Court finds that Mr. Taylor's appeal is not for the purpose of delay[6] and raises a substantial question of law likely to result in reversal or a new trial.

Having found that Mr. Taylor satisfies the requirements under 18 U.S.C. § 3143(b)(1), the Court may release Mr. Taylor pending appeal "if it is clearly shown that there are exceptional reasons why [Mr. Taylor's] detention would not be appropriate." 18 U.S.C. § 3145(c). "[E]xceptional means clearly out of the ordinary, uncommon, or rare." *United States v. Mutte*, 383 F. App'x 716, 718 (10th Cir. 2010) (quoting *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007)) (quotation marks omitted). "Courts must engage in a case by case evaluation to determine whether there exists a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Reyes*, 710 F. Supp. 3d 1011, 1014 (D.N.M. 2024)

---

[6] Mr. Taylor is not the source of any delay in this case. If delay is an issue, it falls on the Government. The events giving rise to this indictment occurred in August 2021, but the Government didn't ask the grand jury to return an indictment until October 2023. Dkt. 2. And during the 26 months following the events to the date of the indictment, Mr. Taylor had no encounters with law enforcement, which was consistent with his lack of criminal history. *See* Dkt. 349 at 12.

(internal citation and quotation marks omitted). A court is afforded "broad discretion ... to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct." *Mutte*, 383 F. App'x at 718 (quoting *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003)) (quotation omitted). "The question is 'whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released ...) it would be unreasonable to incarcerate the defendant' pending appeal." *Id.* (quoting *Garcia*, 340 F.3d at 1019). The Court finds that there are exceptional reasons to allow Mr. Taylor to remain released pending appeal.

First, the Court agrees with Mr. Taylor that "the government's novel jurisdictional theory ... is uncommon and unusual." Dkt. 379 at 7. Because the issue on appeal is jurisdictional, there is a "realistic possibility ... that Mr. Taylor will spend months in federal prison for conduct that may ultimately be determined not to be a federal crime at all." *Id.* Second, the events charged in the indictment took place over three years ago, and during that time Mr. Taylor has remained in the same community without incident. *Id.* Third, Mr. Taylor has been under supervision for over a year and has been fully compliant with all conditions. *Id.* Fourth, Mr. Taylor is employed and provides financial support for his family and younger siblings. *Id.*[7]

These circumstances mirror those in *Mutte*, a case where the Tenth Circuit affirmed the district court's determination that the defendant had identified "exceptional reasons" to justify his release pending sentencing under 18 U.S.C. § 3145(c). 383 F. App'x at 718-19. The Court of Appeals determined that the district court had "properly analyzed the record and identified 'exceptional reasons'": (1) the defendant was neither a flight risk nor a

---

[7] The Government argues that Mr. Taylor's lack of criminal history and possible financial strain on his family are not exceptional reasons for release but does not address Mr. Taylor's other offered reasons. Dkt. 381 at 2.

No. 23-cr-318

danger; (2) his prosecution, in both tribal and federal court, spanned a period of three years; (3) he had lived in the same community as the victim during that time without incident; and (4) he had been under constant supervision and fully compliant with all federal and tribal conditions. *Id.* at 716, 718-19. The circumstances that justified release in *Mutte* are present here and are coupled with the potential that Mr. Taylor will be incarcerated for a crime where the exercise of federal jurisdiction may be held to be improper.

Despite his minor role in the crime, Mr. Taylor is facing a longer sentence than any of his co-defendants because he has maintained his innocence and elected to go to trial. The Court has had several opportunities to observe Mr. Taylor at various hearings and a week-long trial, where he testified on his own behalf. Mr. Taylor's mature and cooperative demeanor with both his attorneys and the Court during his case has been exceptional when comparing Mr. Taylor to other defendants who have appeared before this Court. Given the "broad range of factors eligible for [this] [C]ourt's consideration," these circumstances, in combination, are exceptional and Mr. Taylor's detention pending appeal would not be appropriate. *Mutte*, 383 F. App'x at 718.

This Court is "in the unique position to recognize the need for the law to reflect the character and values of the people who appear before [it]." *Reyes*, 710 F. Supp. 3d at 1017. Mr. Taylor is not likely to flee or pose a danger to the safety of any other person or the community if released. He has raised an appeal that is not for the purpose of delay and raises a substantial question of law likely to result in reversal or an order for a new trial. There are exceptional reasons why Mr. Taylor's detention would not be appropriate. Accordingly, Mr. Taylor's motion for release pending appeal [Dkt. 379] is granted.

DATED this 7th day of March 2025.

_____
JOHN D. RUSSELL
*United States District Judge*